IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

SHANQUITA TAYLOR                                                                          PLAINTIFF

vs.                                         Civil No. 6:08-cv-06082

MICHAEL J. ASTRUE                                                                        DEFENDANT
Commissioner, Social Security Administration

### MEMORANDUM OPINION

Shanquita Taylor ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her application for Supplemental Security Income ("SSI") under Title II of the Act.  The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings.  (Doc. No. 4).[1]  Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

### 1. Background:

Plaintiff protectively filed her disability application on both May 12, 2004 and June 4, 2004.[2] (Tr. 16, 62).  Plaintiff alleged she was disabled due to "brain trauma, nerve damage, asthma, depression." (Tr. 124).  Plaintiff alleged an onset date of December 16, 1991. (Tr. 131).  However,

---

[1] The docket numbers for this case are referenced by the designation "Doc. No."  The transcript pages for this case are referenced by the designation "Tr."

[2] Plaintiff previously filed SSI applications on October 21, 1998, April 18, 1995, December 14, 1993, and July 29, 1992.  (Tr. 16).  None of these prior applications are before this Court.  *See id.*

the SSA recommended an alleged onset of May 12, 2004 which was the date she filed her application. *See id.* This application was initially denied on January 7, 2005 and was denied again on reconsideration on June 3, 2005. (Tr. 38-41).

On June 24, 2005, Plaintiff requested an administrative hearing on her application. (Tr. 42). This hearing request was granted, and a hearing on this matter was held on September 6, 2006, in Pine Bluff, Arkansas. (Tr. 458-488). Plaintiff was present and was represented by counsel, Kirby Mouser, at this hearing. *See id.* Plaintiff, Cloria Taylor (Plaintiff's grandmother), and Vocational Expert ("VE") Dwight Turner testified at this hearing. *See id.* On the date of this hearing, Plaintiff was nineteen years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c) (2009), and had completed one year in college. (Tr. 16, 465).

On January 26, 2007, the ALJ entered an unfavorable decision denying Plaintiff's application for SSI. (Tr. 16-28). In this decision, the ALJ found that "[i]t does not appear that the claimant has engaged in substantial gainful activity since the onset date." (Tr. 27, Finding 1). The ALJ determined Plaintiff had the following severe impairments: history of traumatic brain injury with residuals of learning disability and borderline intellectual functioning, depression and anxiety (controlled with medications), headaches, and carpal tunnel syndrome. (Tr. 27, Finding 2). The ALJ also determined, however, that Plaintiff did not have an impairment or a combination of impairments that met or medically equaled one of the listed impairments in the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). *See id.*

In this decision, the ALJ also evaluated Plaintiff's subjective complaints and determined her RFC. (Tr. 27, Findings 3-4). First, the ALJ evaluated Plaintiff's subjective complaints pursuant to *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984), and found her claimed limitations were not totally

2

credible. *See id.* Second, the ALJ determined, based upon his review of Plaintiff's subjective complaints, the hearing testimony, and the evidence in the record, that Plaintiff had the RFC to perform work-related activities except for work involving lifting more than 20 pounds. *See id.* Specifically, the ALJ determined Plaintiff retained the following RFC:

> The claimant does retain the residual functional capacity for at least the light work activity, which involves lifting no more than twenty pounds at a time with frequent lifting or carrying objects weighing up to ten pounds. A job in this category may require a good deal of walking or standing or sitting most of the time with some pushing and pulling of arm or leg controls. She is further limited to perform work where interpersonal contact is incidental to work performed; complexity of tasks is learned and performed by rote, few variables, little judgment: supervision required is simple, direct, and concrete. This is consistent with the definition of unskilled work.

(Tr. 27, Finding 6).

The ALJ then evaluated Plaintiff's PRW and found she had no PRW to perform. (Tr. 27, Finding 5). However, the ALJ also determined, considering her age, education, past work experience, and RFC, that there were other jobs existing in significant numbers in the national economy which Plaintiff would be able to perform. (Tr. 27, Finding 10). The ALJ based this finding upon the testimony of the VE. (Tr. 27, Finding 10). The VE testified that considering these vocational factors, Plaintiff could perform work as a motel cleaner (light, unskilled work) with 120,000 such jobs in the regional economy and 880,000 such jobs in the national economy. (Tr. 27, Finding 10). Based upon this testimony, the ALJ determined Plaintiff was not under a "disability," as defined by the Act, at any time through the date of his decision.

On February 23, 2007, Plaintiff requested that the Appeals Council review the ALJ's unfavorable decision. (Tr. 11-12). *See* 20 C.F.R. § 404.968. On July 1, 2008, the Appeals Council declined to review this unfavorable decision. (Tr. 5-7). On August 25, 2008, Plaintiff filed the

present appeal. (Doc. No. 1). The parties consented to the jurisdiction of this Court on September 29, 2008. (Doc. No. 4). Both parties have filed appeal briefs. (Doc. Nos. 6-7). This case is now ready for decision.

**2. Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and

laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

To determine whether a child claimant suffers from a disability, an entirely different standard is applied. On August 22, 1996, Congress enacted the Personal Responsibility and Work Opportunity Reconciliation Act of 1996, Public Law No. 104-193, 110 Stat. 2105 (1996) (codified at 42 U.S.C. § 1382c(a)(3)(C)), which provided a more stringent standard for determining eligibility for Title XVI childhood disability benefits than the old law and prior regulations required. *See Rucker v. Apfel*, 141 F.3d 1256, 1259 (8th Cir. 1998); 142 Cong. Rec. H8913; H.R. Conf. Rep. No. 725, 104th Cong. 2d Sess. 328 (1996), reprinted in 1996 U.S. Code, Cong. and Ad. News 2649,

2716; Federal Register, Vol. 62, No. 28, p. 6409. Among other things, the new law amended Section 1614(a)(3) of the Act, 42 U.S.C. § 1382c(a)(3), and changed the statutory definition of disability for individuals under age eighteen (18) under the SSI program. Under the new standard, a child is entitled to disability benefits only if he or she has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months. *See* Pub. L. No. 104-193 § 211(a)(4)(c); 20 C.F.R. § 416.906. The new standard applies to all applicants who filed claims on or after August 22, 1996, or whose claims had not been finally adjudicated by August 22, 1996. Since Plaintiff filed his application in 2004, the new law applies.

Under the new law, the ALJ's disability determination is based upon a three-step analysis. *See* 20 C.F.R. § 416.924.  First, the ALJ must determine whether the minor child has engaged in substantial gainful activity.  If not, the ALJ will proceed to the second step where the ALJ must consider whether the child has a severe impairment.  If a severe impairment is found, the ALJ will proceed to the third step.  At this step, the ALJ, must consider whether the impairment meets, or is medically or functionally equivalent, to a disability listing in the Listing of Impairments.  *See* 20 C.F.R. pt. 404, subpt. P, app. 1.  A minor child may be disabled if his or her impairment is functionally equivalent to a disability listing, even if the minor child's impairment does not meet the standard requirements for a disability listing.  *See* 20 C.F.R. § 416.924(d)(1).

A single method is provided for evaluating whether an impairment is "functionally equivalent" to a disability listing, based upon six domains of functioning.  The six domains are the following: (1) acquiring and using information, (2) attending and completing tasks, (3) interacting

and relating with others, (4) moving about and manipulating objects, (5) caring for himself or herself, and (6) health and physical well-being. *See* 20 C.F.R. § 416.926a(b)(1). If the minor child claiming benefits has "marked" limitations in two of these domains or an "extreme" limitation in one of these domains, then the child's impairment is functionally equivalent to a disability listing. *See id.* § 416.926a(a); *Moore ex rel. Moore v. Barnhart,* 413 F.3d 718, 721 (8th Cir. 2005).

A "marked" limitation is a limitation that is "more than moderate" and "less than extreme." *See id.* § 416.926a(e); *Lehnartz v. Barnhart,* No. 04-3818, 2005 WL 1767944, at *3 (8th Cir. July 27, 2005). A marked limitation is one that seriously interferes with a child's ability to independently initiate, sustain, or complete activities. *See* 20 C.F.R. § 416.926a(e)*.* An "extreme" limitation is more than "marked" and exists when a child's impairment(s) interferes very seriously with his or her ability to independently initiate, sustain or complete activities. *See id.* "Extreme" limitation is the rating the Commissioner gives to the most serious limitations. *See id.*

### 3. Discussion:

With this appeal, Plaintiff argues this case should be reversed for two reasons : (1) the ALJ erred by failing to pose a "complete hypothetical question" to the VE and (2) the ALJ erred by failing to properly develop the administrative record. (Doc. No. 6, Pages 2-20). In response, Defendant argues that proper VE testimony supports the ALJ's disability determination and that the ALJ properly discounted the conclusory statement of Plaintiff's treating physician. (Doc. No. 7, Pages 3-15). After considering these arguments, the Parties' briefing, and the transcript in this case, this Court finds the ALJ erred by failing to evaluate Plaintiff's claimed disability under both the child

and adult disability standards. Accordingly, this Court will only address this issue.[3]

In the present action, Plaintiff was born on October 27, 1986. (Tr. 64). Plaintiff filed her SSI application and the relevant time period for this case began on May 12, 2004, five months before her eighteenth birthday. (Tr. 16). Because Plaintiff was both a child and an adult during the relevant time period, the ALJ should have evaluated Plaintiff's alleged disability under both the child and adult standards for disability. *See England v. Astrue,* 490 F.3d 1017, 1019 (8th Cir. 2007) (affirming the ALJ's assessment of the claimant's disability under both the child and adult standards). In the present action, the ALJ only evaluated Plaintiff's disability under the adult standards. (Tr. 16-28). Without an analysis of the child disability standards, this Court is unable to determine whether Plaintiff would be able to meet the disability requirements for a child. Accordingly, this case must be reversed and remanded so that the ALJ can perform an analysis of Plaintiff's alleged disability during the time period she was under eighteen.

## 4. Conclusion:

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and should be reversed and remanded. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED** this **26th day of October, 2009.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE

---

[3] Plaintiff did not raise this issue as a part of her appeal. (Doc. No. 6). This Court raises this issue *sua sponte. See Battles v. Shalala,* 36 F.3d 43, 45 n.2 (8th Cir. 1994) ("Even if Battles had not raised an issue concerning the fairness of his hearing, we might well have raised it *sua sponte.*").